IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| JOANNA E. YOUNG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-14-1064-F |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, Joanna E. Young, seeks judicial review of the Social Security Administration's denial of her applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI). United States District Judge Stephen P. Friot has referred this matter for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

**I.     Procedural Background**

Plaintiff filed her applications for DIB and SSI on August 3, 2010, alleging a disability onset date of July 15, 2010. The Social Security Administration denied the applications initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. *See* Administrative Record (AR) [Doc. No. 14], 32-47. The Appeals Council denied Plaintiff's request for review. AR 8-12. This appeal followed.

**II.    The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential

evaluations process); *see also* 20 C.F.R. §§ 404.1520; 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since July 15, 2010, the beginning date of the alleged disability. AR 34. At step two, the ALJ determined that Plaintiff has the following severe impairments: emphysema, asthma, shortness of breath, migraines, degenerative disc disease, depression, and mild obesity. *Id.* At step three, the ALJ found that none of Plaintiff's impairments meets or medically equals any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 35.

> The ALJ next determined Plaintiff's residual functional capacity (RFC):
>
>> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift or carry up to 20 pounds occasionally and up to 10 pounds frequently, and can push or pull with either the upper or lower extremities consistent with the limitations on lifting and carrying. Claimant can stand or walk for 6 hours out of an 8-hour workday and can sit for 2 hours out of an 8-hour workday, or for longer periods if a full 6 hours of standing and walking is not required. The claimant must avoid all exposure to fumes, odors, dusts, gases and poor ventilation. Due to severe mental impairments, the claimant is capable of only routine unskilled work that requires only that she understand, remember, and follow simple instructions, and with only occasional contact with the general public.

AR. 37. At step four, the ALJ concluded that Plaintiff cannot perform her past relevant work as Housecleaner, Nurse's Aide, or Child Care Worker. AR 45. At step five, the ALJ relied on the testimony of a vocational expert (VE), and found there are jobs existing in significant numbers in the national economy that Plaintiff can perform including Sorting, Office Helper and Hand Packager. AR 46. Thus, the ALJ found at the final step of the sequential evaluation that Plaintiff is not disabled for purposes of the Social Security Act. *Id.*

### III. Plaintiff's Claims

Plaintiff contends the ALJ erred in his analysis of Dr. Buffington's opinion regarding Plaintiff's limitations in fingering and handling, in that the ALJ failed to state what weight he was affording the opinion. Plaintiff further contends the ALJ erred in ignoring a large part of the probative medical evidence that contradicted his conclusion that Plaintiff could perform light work. In a closely related argument, Plaintiff contends the ALJ's RFC for light work is not supported by substantial evidence in the record.

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if other evidence in the record overwhelms the evidence upon which the ALJ relied, or if there is a mere scintilla of evidence supporting the decision. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V. Analysis

### A. The ALJ's Rejection of Dr. Buffington's Opinion

On October 23, 2010, Dr. Bill Buffington performed a consultative physical evaluation of Plaintiff at the request of the Agency. AR 294-300. Dr. Buffington found Plaintiff to have painful range of motion in her right wrist, diminished grip strength in her right hand, point tenderness and a well-healed surgical scar on her right hand, and sluggish and painful right hand movements. AR 299. As a result of his medical examination and findings, Dr. Buffington stated his opinion that Plaintiff would have difficulty manipulating small objects, that such manipulation would quickly cause fatigue, and that she would be unable to effectively grasp tools such as a hammer. AR 296.

The ALJ summarized Dr. Buffington's findings without stating what weight, if any, he was affording the opinion or why. But the ALJ apparently rejected Dr. Buffington's opinions regarding Plaintiff's right hand limitations as the ALJ did not include any functional limitations in the RFC that would accommodate Plaintiff's weakness, pain and lack of grip strength in her right, dominate hand.

The Commissioner is required to evaluate every medical opinion. *See Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(c), 416.927(c) (regardless of its source, the Commissioner will evaluate every medical opinion). If an ALJ rejects a medical opinion, he must "provide specific, legitimate reasons for rejecting it." *Doyal*, at 764.

The Commissioner contends that the ALJ discharged his duty because he "considered" Dr. Buffington's consultative examination, as evidenced by the summary of Dr. Buffington's findings. Defendant's Brief (ECF No. 22) at p. 15; AR 39. The Commissioner implies the ALJ's "consideration" obviates any error arising from his failure to explain why he rejected Dr.

Buffington's opinion, and why he did not include functional limitations in the RFC that would have accommodated the functional limitations resulting from Plaintiff's right hand impairment. In further support of his theory, the Commissioner contends Dr. Buffington's opinion was "not uncontroverted" because a treatment note from an examination at the Pawnee Indian Health Center dated May 20, 2011, stated Plaintiff's grip strength in her right hand was "normal" with a "full range of motion." *Id. See* AR 493. The May 20, 2011 treatment note also states, however, that Plaintiff was still using a wrist splint and taking medication for carpal tunnel syndrome, and the treatment note did not address Plaintiff's ability to manipulate small objects or grasp tools. Thus, in those respects, Dr. Buffington's opinion is uncontroverted. Moreover, the ALJ did not state in his decision that he was rejecting Dr. Buffington's detailed findings and opinion in favor of the opinion of Shawn Bunch, Plaintiff's treating nurse practitioner.[1] It is well settled that this court cannot rely on *post hoc* rationalizations to justify the Commissioner's decision. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

The ALJ's error in failing to properly analyze Dr. Buffington's opinion cannot be considered harmless because the Dictionary of Occupational Titles, (DOT) states that each of the three unskilled jobs identified by the VE and included in the ALJ's RFC requires frequent to constant fingering or handling.[2] Thus, reversal and remand is warranted on this issue.

---

[1] The undersigned notes that a nurse practitioner is not an "acceptable medical source." In the category of "other medical sources," the regulations include, but are not limited to, nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists. 20 C.F.R. § 404.1513(d)(1). Opinions from such sources cannot be given controlling evidence. Nevertheless, these sources, as well as the other non-medical sources, may provide evidence "to show the severity of [a claimant's] impairment(s) and how it affects [a claimant's] ability to work." 20 C.F.R. § 404.1513(d).

[2] *See* DICOT 753.587-010, 1991 WL 680340 (Sorter) (frequent handling and fingering); DICOT 239.567-010, 1991 WL 672232 (Office Helper) (frequent handling and fingering); DICOT 753.687-038, 1991 WL 680354 (Packing-Line Worker) (constant handling; frequent fingering).

B.     **Evaluation of Probative Medical Evidence**

Plaintiff contends the ALJ erred in failing to discuss much of the probative medical evidence supporting a conclusion that Plaintiff's difficulties in ambulating would preclude her from performing light work that would require the ability to stand and/or walk off and on for up to 6 hours out of an 8-hour workday. *See* Social Security Ruling 83-19, 1983 WL 31251 at *6 (1983).

The Commissioner did not address Plaintiff's second assignment of error. Rather, she reframed the issue by asserting, "The ALJ appropriately evaluated Plaintiff's credibility." Defendant's Brief at p. 5. Thus, most of the Commissioner's Brief is devoted to an issue that was never raised. *See* Commissioner's Brief at pp. 5-13. In another unrelated and irrelevant statement, he Commissioner cited case law to support her assertion that Plaintiff has "waived" any argument concerning the ALJ's findings regarding Plaintiff's mental limitations because Plaintiff did not raise this issue in her opening brief. Defendant's Brief at p. 5 n. 5, (*citing Anderson v. Dep't Labor*, 422 F.3d 1155, 1174, 1182 n. 51 (10th Cir. 2005) (because plaintiff did not raise an issue in his opening brief, it is waived); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [plaintiff's] contentions that have been adequately briefed for our review.")). Plaintiff does not dispute the Commissioner's conclusion or attempt to raise any issue based on the ALJ's findings regarding mental limitations. But it stands to reason that, by failing to address and adequately brief the contention Plaintiff actually did raise in her opening brief, the Commissioner has conceded that the ALJ erred in failing to address all the medical evidence in the administrative record.

Moreover, Plaintiff's contention is correct. Apart from the legal error arising from the ALJ's failure to consider all medical opinions in the administrative record, "[e]vidence is not

substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir.1992). Moreover, an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) .

Evidence completely omitted from the ALJ's decision includes multiple observations regarding Plaintiff's difficulty walking in treatment notes generated by Plaintiff's treating nurse practitioner, Shawn Bunch, during appointments addressing Plaintiff's back pain. On August 17, 2011, Mr. Bunch noted Plaintiff's gait was slow and her mobility was moderately limited. AR 592. He noted slow mobility during an examination on January 27, 2012, AR 615, and poor mobility and slow gait in April 2012, at which time he provided Plaintiff with a cane. AR, 641. Plaintiff exhibited mild imbalance when she first stood up during Mr. Bunch's examination on July 18, 2012. AR 663. On August 17, 2012, he stated Plaintiff's gait was slow with decreased mobility. AR 677. Mr. Bunch made similar observations in November 2012. AR 701. In December 2012, Mr. Bunch noted Plaintiff had poor mobility and walked with a limp. AR 705. In April 2012, Mr. Bunch reported Plaintiff still had decreased mobility and a slow gait. AR 765.

Other treating and examining physicians also noted Plaintiff's ambulatory problems. Dr. Schlottmann, stated that Plaintiff "walked slowly down the hallway to my office and occasionally touched the wall to steady herself" during his consultative psychological evaluation on August 30. 2011. AR 559. During an examination on February 23, 2012, Dr. Scott Thomas Dull noted Plaintiff's gait was "slow but steady" during his assessment of her degenerative disc disease. AR 635.

7

The ALJ's failure to consider probative evidence regarding Plaintiff's inability to ambulate effectively requires reversal and remand. This error was particularly harmful. Considering Plaintiff's age and vocational characteristics, a finding that she could perform only sedentary work would have required the ALJ to find Plaintiff disabled under the Medical-Vocational Guidelines, Rule 201.14. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14.

C. **The ALJ's RFC Determination**

Plaintiff's last assertion of error is that the ALJ's RFC determination is not supported by substantial evidence in the record. As discussed above, the Commissioner's final decision should be reversed and remanded so that the Commissioner can make a proper and complete evaluation of all evidence in the administrative record. Therefore, the court need not, and indeed should not, address the substantiality of the evidence supporting the ALJ's RFC. To do so would require this court to reweigh the evidence, some of which the ALJ improperly omitted from his review. The Commissioner will have the opportunity on remand to properly consider all the evidence in the record before formulating Plaintiff's RFC.

**RECOMMENDATION**

In sum, the Commissioner's final decision should be reversed and remanded. On remand, the Commissioner should consider all the evidence of record and state what weight is given to the opinions of acceptable medical sources. After considering all the evidence of record, the Commissioner should then formulate an RFC supported by the evidence.

Thus, it is recommended that the Commissioner's final decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by December 23, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 9th day of December, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE